Derbigny, J.
delivered the opinion of the court. The defendant and appellee being about permanently to remove from this state, with her minor children and the best part of her fortune, an *716 application was made by the plaintiff and appellant, as under-tutor of those children, to obtain from her an account of her administration, and to cause another tutor to be appointed in her stead, as provided for by our civil code, book 1st. tit. 8. chap. 1. sect. 9. art. 69 and 70.
East’n. District.
May 1817
The account has been rendered, and so far there was no resistance on her part; but she refused to surrender the tutorship of her children, alleging that tutors by nature are not subject to the dispositions of the above quoted law.
The question if it be one, may be reduced to this: can the law appealed to by the applicant embrace cases where a parent leaving the state takes his children along with him?—That all men have a right to expatriate, at least when by such removal they cause no prejudice to the community of which they were members, is not questionable in a free country:—that a natural tutor expatriating has a right to take his children with him is still less disputable. How then could the law, providing for the nomination of another tutor, be carried into effect in such a case? A tutor is appointed principally over the person of the minor; but here the minors are gone. He is to take care of them in the manner prescribed by our laws: but they are beyond the reach of *717 those laws.—It is clear that the provision alluded to is made for cases where the tutor alone is going away, or where he can be prevented from taking his ward out of the state. This would take place, we presume where any other tutor than a parent would be about absenting himself. Such a tutor, being merely the creature of the law, would probably not be at liberty to carry his ward where that law does not extend. The nomination of another tutor is then obviously necessary. But, when the ward himself is removed where our laws can no longer protect him, there must be an end to the interference of our courts in his behalf.
The same reasoning applies to the curatorship of one of these minors; his absence from the state must be attended with the same consequences.
We are upon the whole, of opinion that this case is not within the purview of the law referred to. But as the present application was made by the appellant evidently with no other view than to promote the interest of the minors, we think he ought not be burthened with the cost.
It is adjudged and decreed that the appeal be dismissed, and that the costs be paid by the *718 appellee or her representative, out of the funds in her hands belonging to her minor children.
Seghers for the plaintiff, Paillette for the defendant.